UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CLARISSA BURRELL,

    Plaintiff,
vs.

RELIASTAR LIFE
INSURANCE COMPANY,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, Clarissa Burrell ("BURRELL"), by and through the undersigned counsel, hereby sues ReliaStar Life Insurance Company ("RELIASTAR") and alleges:

## PRELIMINARY ALLEGATIONS

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under and employee benefit plan regulated and governed under ERISA. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, pre-judgment and post-judgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2. BURRELL was at all times relevant a plan participant under the National Corporate Housing, Inc ("National Corporate Housing") Long Term Disability Policy,

Group No.: 70579-9LTD2011 ("LTD Plan").

3. Defendant, RELIASTAR, is a corporation with its principal place of business in the State of Minnesota, authorized to transact and is transacting business in, and may be found in the Southern District of Florida. RELIASTAR is the insurer of benefits under the National Corporate Housing LTD Plans and acted in the capacity of a plan administrator. As the decisionmaker and payor of plan benefits, RELIASTAR administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. The RELIASTAR LTD Plan is an employee welfare benefit plan regulated by ERISA, established by National Corporate Housing under which BURRELL was a participant, and pursuant to which BURRELL is entitled to Long Term Disability benefits ("LTD benefits"). Pursuant to the terms and conditions of LTD Plan, BURRELL is entitled to LTD benefits for the duration of the Plaintiff's disability, for so long as BURRELL remains disabled as required under the terms and conditions of the STD and LTD plans.

5. Venue is proper in this district under 29 USC 1132 (e)(2), in that defendant, RELIASTAR, is authorized to and is doing business within the Southern District of Florida.

<u>COUNT I:</u>
<u>CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)</u>

6. BURRELL incorporates by reference all preceding paragraphs as though fully set forth herein.

7. At all times relevant, BURRELL was a plan participant or former plan participant under the terms and conditions of the LTD Plan.

8. Prior to disability BURRELL worked as a Client Services Manager for

National Corporate Housing.

9. The LTD Plan defines disability to mean Disability, Disabled- You are considered disabled when we review your claim and determine that, due to your sickness or injury, both of the following are true: (1) You are unable to perform all the material and substantial duties of your regular occupation. (2) You have a 20% or more loss in your indexed monthly earnings. After the regular occupation period, you are considered disabled when we review your claim and determine that, due to your sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably qualified based on your training, education and experience.

10. Material and Substantial Duties means duties that are normally required for the performance of your regular occupation and that cannot be reasonably omitted or modified, except that if you are required to work on average in excess of 40 hours per week, we will consider you able to perform that requirement if you have the capacity to work 40 hours per week.

11. Regular Occupation means the occupation you are routinely performing when your disability begins. We will look at your occupation as it is normally performed in the national economy, instead of how the work tasks are performed for a specific employer or at a specific location.

12. Gainful Occupation means an occupation that is or can be expected to provide you with an income within 12 months of your return to work, that exceeds: (1) 80% of your indexed monthly earnings, if you are working. (2) - 80% of your indexed monthly earnings, if you are not working.

13. During the course of BURRELL's employment, BURRELL became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while

BURRELL was covered under the LTD Plans, BURRELL suffered a disability, the nature of which due to privacy concerns is set forth in detail in the administrative record, rendering her disabled as defined under the terms of the LTD Plan.

14. Pursuant to the terms of the LTD Plans, BURRELL made a claim to RELIASTAR for benefits under the LTD Plan with an effective date of disability of June 2, 2019.

15. Following the applicable Elimination Period, LTD Benefits became payable as of January 1, 2020.

16. RELIASTAR initially approved BURRELL's claim for LTD Benefits after its review of her medical records indicated that she was disabled under the terms and conditions of the policy as it related to her ability to perform her regular occupation.

17. On December 8, 2020, BURRELL was advised by the Social Security Administration that her claim for SSDI benefits had been approved after the SSA determined she did not have the ability to work in any gainful occupation.

18. On February 16, 2022, RELIASTAR notified BURRELL that it was terminating her claim for LTD Benefits effective January 1, 2022, as it had determined she was not disabled from performing the duties of any gainful occupation.

19. On March 28, 2022, BURRELL appealed RELIASTAR's denial of her claim for LTD Benefits.

20. On June 20, 2022, RELISTART notified BURRELL that it was upholding the denial of her claim for LTD Benefits.

21. BURRELL has exhausted his administrative remedies under the LTD Plan.

22. RELIASTAR breached the LTD Plan and violated ERISA in the following respects:

    a.    Failing to pay LTD benefits to BURRELL at a time when RELIASTAR and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as BURRELL was disabled and unable to work and therefore entitled to benefits.

    b.    After BURRELL's claim was denied in whole or in part, RELIASTAR failed to adequately describe to BURRELL any additional material or information necessary for BURRELL to perfect her claim along with an explanation of why such material is or was necessary.

    c.    RELIASTAR failed to properly and adequately investigate the merits of BURRELL's disability claim and failed to provide a full and fair review of BURRELL's claim.

23. BURRELL believes and alleges that RELIASTAR wrongfully denied her claim for LTD Benefits under the LTD Plan by other acts or omissions of which BURRELL is presently unaware, but which may be discovered in this future litigation and which BURRELL will immediately make RELIASTAR aware of once said acts or omissions are discovered by BURRELL.

24. As a proximate result of the aforementioned wrongful conduct of RELIASTAR under the LTD Plan, BURRELL has damages for loss of disability benefits in a total sum to be shown at the time of trial.

25. As a further direct and proximate result of this improper determination regarding BURRELL's claims for benefits, BURRELL, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), BURRELL is entitled to have such fees and costs paid by RELIASTAR.

26. The wrongful conduct of RELIASTAR has created uncertainty where none should exist; therefore, BURRELL is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the LTD Plan.

**REQUEST FOR RELIEF**

WHEREFORE, Clarissa Burrell prays for relief against the Reliastar Life Insurance Company as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: November 1, 2022.

                                            ATTORNEYS DELL AND SCHAEFER,
                                            CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
(954) 620-8300

  /s/ *Stephen F. Jessup*
STEPHEN F. JESSUP, ESQUIRE
Florida Bar No.: 0026264
Email: stephen@diattorney.com

7